# William Amer Company et al. v. Reiter et al.

*David F. Kaliner*, for plaintiffs.
*John M. Price*, for defendants.

BOK, P. J., January 22, 1945. — A statement of claim was filed by plaintiff Hart on December 29, 1939, and by the corporate plaintiff on February 2, 1940. Separate affidavits of defense were filed by defendants on May 9, 1941. A motion to strike off the affidavits of defense was filed on May 26, 1941. Argument on this motion was, for the first time, set down on our motion list for today, January 22, 1945. At the argument, plaintiffs' counsel states that the delay of more than a year in filing the affidavits has prejudiced his case in that he had assumed, during that long period, that agency was admitted, and hence he need make no investigation. This is usually a good reason for striking off a tardy affidavit. See Lobb v. Stitzinger, 4 D. & C. 504, and Gross v. Dickinson, 4 D. & C. 505.

Nowhere does plaintiffs' assertion of prejudice appear of record. It was made orally at bar, as was defendants' assertion that the case involves two brothers, one of whom owned the car. While plaintiffs filed their

motion to strike with reasonable promptness, they have allowed an astounding amount of time to pass before asking to be heard on it—three years and eight months, to be exact. To my mind, this long delay erases the sincerity of their assertion of prejudice. Furthermore, they did not include in their motion to strike the reason they now give orally, and hence there is nothing of record to advise me.

It is true that leave of court should be obtained before filing a tardy affidavit, and none was sought here by defendants. Plaintiffs' failure to advise the court formally of any prejudice they may have suffered from defendants' tardiness and their own gross negligence in allowing their motion to strike to sleep for nearly four years cures defendants' failure to obtain leave of court.

I shall leave the parties where I find them and the record as I find it. Possibly the agency can be proved by calling defendants as under cross-examination; if they are unavailable, that is plaintiffs' fault for having waited so long.

The motion is overruled.